**FILED**

J :N   MAR X 7 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

RICHARD SIDELL,

        **Plaintiff,**

    v.

**ALLIANCEBERNSTEIN
INVESTMENTS, INC.,**

        **Defendant.**

07cv1285
JUDGE ASPEN
MAG. JUDGE MASON

<u>**Jury Trial Requested**</u>

## COMPLAINT

NOW COMES Plaintiff, RICHARD SIDELL, by and through his counsel, LISA KANE of

LISA KANE & ASSOCIATES, P.C., and complaining of Defendant, ALLIANCEBERNSTEIN

INVESTMENTS, INC., states as follows:

### PRELIMINARY STATEMENT

1.    This is an action seeking redress for violation of rights guaranteed to Plaintiff by the

Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 <u>et seq</u>.

Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's discriminatory

employment practices.

### JURISDICTIONAL STATEMENT

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and

28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 29 U.S.C. § 621

<u>et seq</u>. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

### VENUE

3.    Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

## PARTIES

4.     Plaintiff, RICHARD SIDELL, is a 60-year-old year old citizen of the United States who resides in Illinois.

5.     Defendant, ALLIANCEBERNSTEIN INVESTMENTS, INC., is a corporation properly recognized and sanctioned by the laws of the State of Delaware, and at all times did and continues to do, business in Illinois. Defendant is subject to the jurisdiction of the Court as an employer within the meaning of 29 U.S.C. § 630(b), as Defendant has continuously and does now employ more than twenty (20) employees and is engaged in an industry that affects commerce.

## PROCEDURE

6.     Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant on February 2, 2007. The EEOC issued Plaintiff a Notice of Right to Sue on February 8, 2007. The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff has initiated this action within said ninety (90) day period.

## COUNT I – ADEA - AGE DISCRIMINATION

7.     Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

8.     In August 1995, Plaintiff began working for Defendant as Vice President/Wholesaler, and subsequently received a promotion to the position of Senior Vice President. Plaintiff's title changed to Director in 2006. Throughout the tenure of his employment with Defendant, Plaintiff's responsibilities have included wholesaling investment products, such as mutual funds, separately managed accounts, and variable annuities, to investment representatives in financial institutions,

2

financial planning practices, and insurance companies.

9.      During his more than ten (10) years of employment, Plaintiff's performance has met and exceeded Defendant's legitimate expectations, as exemplified by commissions issued to Plaintiff, his written performance evaluations, the issuance of Alliance Bernstein units to Plaintiff as recognition of his accomplishments, Plaintiff qualifying for Defendant's top producer trip on many occasions, and the innumerable commendations Plaintiff has received from managers, directors, the president of United States sales, and Defendant's chairman.

10.     From 2006 to the present, Plaintiff has been the oldest individual employed in a Director position in the Central Division, and, on information and belief, Plaintiff is the second oldest individual employed in a Director position throughout the sales division.

11.     On January 1, 2006, David Edlin ("Manager Edlin"), Divisional Sales Manager, became Plaintiff's direct supervisor.

12.     Beginning in June 2006 and continuing to the present, Manager Edlin has been subjecting Plaintiff to a continuous course of hostile and abusive treatment based on Plaintiff's age by falsely criticizing Plaintiff's performance, scrutinizing Plaintiff's activities in a manner not utilized with similarly situated, substantially younger employees, and placing requirements on Plaintiff's performance that were not imposed on these younger employees.

13.     In June 2006, Manager Edlin began to question Plaintiff's daily activity by criticizing Plaintiff for failing to conduct twenty (20) in-person appointments per week. These criticisms, which continue to the present, were a pretextual means of attacking Plaintiff's performance, as Plaintiff had achieved a seasoned territory with investment representatives who did not need to meet with Plaintiff on such a frequent basis. Furthermore, the investment representatives in Plaintiff's

3

territory are not situated in clusters and usually entail one-on-one meetings with many miles in between appointments, causing Plaintiff difficulty to meet Edlin's standard of twenty (20) appointments per week, whereas the territories for other directors afford them the ability to conduct meetings with numerous investment representatives in one location.

14.     On a continual basis beginning in June 2006, Manager Edlin has also falsely accused Plaintiff of failing to engage in sufficient activity with Defendant's clients on a weekly basis. In fact, as demonstrated in weekly reports, Plaintiff's activity with clients exceeded that of any director employed in the Central Division. In November 2006, Plaintiff was selected as one of the top Royal Reach point recipients, an award based on client activity.

15.     On information and belief, Manager Edlin has not subjected similarly situated, substantially younger directors to the scrutiny imposed on Plaintiff's performance.

16.     In August 2006, Plaintiff confronted Manager Edlin regarding his harassing treatment and questioned whether Edlin thought Plaintiff was too old for the job. After Manager Edlin denied any bias based on age, Defendant's Human Resources Director, Rosanne Peress ("Peress"), questioned Plaintiff regarding a rumor that Edlin was discriminating against Plaintiff because of his age, but Defendant failed to take any action to redress Edlin's harassing treatment.

17.     Human Resources Director Peress advised Plaintiff in August 2006 that he was required to follow all of Manager Edlin's directions, but if Plaintiff found the situation impossible, he should contact her to discuss alternative options.

18.     Plaintiff again sought to have Defendant correct Manager Edlin's hostile and abusive treatment in November 2006, when Plaintiff directly responded to Edlin's performance criticisms and complained to Marc Mayer, Chairman, Frederick Bloch ("Bloch"), President, and Human

4

Resources Director Peress. Pursuant to Peress' advice in August 2006, Plaintiff requested that Defendant provide alternatives to working under the supervision of Manager Edlin.

19.     Defendant failed to take any action to redress the hostile work environment that Plaintiff continued to endure under Manager Edlin. Following Plaintiff's complaint, President Bloch scheduled a meeting with Plaintiff and Manager Edlin in New York on December 11, 2006, Plaintiff's 60th birthday, at which time Bloch stated that they would "not dwell on the past" and that they should look to the future. Bloch failed to address any of the issues raised by Plaintiff's November 2006 complaint or take any action to correct Manager Edlin's harassing treatment, or prevent such harassment from continuing in the future.

20.     On January 4, 2007, Manager Edlin issued Plaintiff a written performance evaluation that negatively criticized Plaintiff's performance in 2006, contrary to the excellent reviews Plaintiff received throughout his tenure with Defendant. Edlin's evaluation falsely asserted that Plaintiff's sales and activity were deficient compared to other directors, without taking into consideration Plaintiff's limited ability to sell separately managed accounts, the number one selling investment product at Defendant in 2006. This criticism was unfounded and unjustified, as Manager Edlin was aware of the limited sales opportunities for separately managed accounts in Plaintiff's territory, whereas other investment tools were more appropriate for Plaintiff's clients.

21.     Based on the realistic investment opportunities available for the clients in Plaintiff's territory, Plaintiff's sales in 2006 far exceeded the divisional and national averages for financial planners, the insurance industry, and financial institutions. As reflected in Defendant's year-end report, the sales in Plaintiff's territory increased substantially in 2006 compared to his past performance, particularly in focus firms, despite a change in business limiting Plaintiff's ability to

sell mutual funds to one of his major clients.

22.     Manager Edlin's written evaluation of Plaintiff's performance continued to falsely assert that Plaintiff's activity with his clients was deficient, when weekly reports reflected that Plaintiff's activity was the highest in the division supervised by Edlin and had exceeded the divisional and national averages.

23.     Effective February 1, 2007, Manager Edlin removed one of Plaintiff's significant accounts and reassigned this account to a substantially younger, less qualified regional manager who had just began working for Defendant on January 1, 2007. Based on the removal of this account, Plaintiff's commissions will be reduced substantially, as Plaintiff was able to generate more than $5,000,000 in sales with this account in 2006.

24.     Any reasons proffered for removing Plaintiff from the significant account that will result in a reduction of his commission remain pretextual for age discrimination, based on Plaintiff's highly successful performance with this account and the assignment of the account to a less qualified, substantially younger employee.

25.     The aforementioned acts and omissions of Defendant constitute unlawful and willful discrimination against Plaintiff because of his age, sixty (60), in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 et seq.

26.     As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, RICHARD SIDELL, prays for judgment against Defendant and respectfully requests that this Court:

A.    Declare the conduct of the Defendant to be a violation of the rights guaranteed to the Plaintiff pursuant to appropriate federal law;

B.    Grant a permanent injunction restraining Defendant, its officers, successors, assigns and all persons in active concert or participation with them from engaging in any employment practice that unlawfully discriminates on the basis of age;

C.    Order Defendant to make whole RICHARD SIDELL by providing the affirmative relief necessary to eradicate the effects of the Defendant's unlawful practices;

D.    Order Defendant to pay lost, foregone and future wages to RICHARD SIDELL;

E.    Grant Plaintiff consequential, liquidated and any other damages that the Court may deem appropriate;

F.    Grant Plaintiff his attorneys' fees, costs and disbursements; and

G.    Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT II – ADEA - RETALIATION

27.    Paragraphs one (1) through twenty-three (23) are incorporated by reference as if fully set out herein.

28.    Beginning in August 2006, Plaintiff directly opposed Manager Edlin's harassing and discriminatory treatment based on Plaintiff's age, and reported this misconduct to Human Resources Director Rosanne Peress, President Frederick Bloch, and Chairman Marc Mayer.

7

29.     Defendant retaliated against Plaintiff for exercising his statutory rights by subjecting him to adverse treatment, including but not limited to:

(a)     Manager Edlin subjected Plaintiff to an increasingly hostile work environment by falsely criticizing Plaintiff's performance, scrutinizing Plaintiff's activities in a manner not utilized with similarly situated employees, and placing requirements on Plaintiff's performance that were not imposed on these employees.

(b)     Effective February 1, 2007, Manager Edlin removed one of Plaintiff's significant accounts and reassigned this account to a less qualified regional manager who had just began working for Defendant on January 1, 2007. Based on the removal of this account, Plaintiff's commissions will be reduced substantially, as Plaintiff was able to generate more than $5,000,000 in sales with this account in 2006.

30.     Any reasons proffered for the adverse actions taken against Plaintiff remain pretextual for retaliation, based on Plaintiff's highly successful performance throughout his more than ten (10) years of employment with Defendant and the more favorable treatment afforded to similarly situated employees who have not complained of discrimination.

31.     The aforementioned acts and omissions of Defendant constitute unlawful retaliation for Plaintiff's opposition to age discrimination, in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 et seq.

32.     As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

8

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, RICHARD SIDELL, prays for judgment against Defendant and respectfully requests that this Court:

A.   Declare the conduct of the Defendant to be a violation of the rights guaranteed to the Plaintiff pursuant to appropriate federal law;

B.   Grant a permanent injunction restraining Defendant, its officers, successors, assigns and all persons in active concert or participation with them from engaging in any employment practice that unlawfully discriminates on the basis of age, and retaliates against an individual for complaining of an unlawful employment practice;

C.   Order Defendant to make whole RICHARD SIDELL by providing the affirmative relief necessary to eradicate the effects of the Defendant's unlawful practices;

D.   Order Defendant to pay lost, foregone and future wages to RICHARD SIDELL;

E.   Grant Plaintiff consequential, liquidated and any other damages that the Court may deem appropriate;

F.   Grant Plaintiff his attorneys' fees, costs and disbursements; and

G.   Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

33.   Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this complaint.

Respectfully submitted,
RICHARD SIDELL, Plaintiff,

By: _____

Lisa Kane, Attorney for Plaintiff

LISA KANE & ASSOCIATES, P.C.
Attorney for Plaintiff
120 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093

10

## Verification

I, Richard Sidell, declare under penalty of perjury that the foregoing is true and correct.

Executed on _MAR 6 TH_, 2007.

_____

Richard Sidell

EEOC Form 161-B (3/98)

**U. . EQUAL EMPLOYMENT OPPORTUNITY C_ _MISSION**

---

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

---

| | |
|---|---|
| To: **Richard Sidell**<br>2898 Whispering Oaks Ct.<br>Buffalo Grove, IL 60089 | From: **Chicago District Office - 440**<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |

**CERTIFIED MAIL 7001 0360 0000 0468 7327**

☐ *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

---

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2007-02895 | **Eileen Sotak,**<br>**Enforcement Supervisor** | **(312) 353-1316** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe* 2/8/07

Enclosures(s)

**John P. Rowe,**
**District Director**

(Date Mailed)

cc: **ALLIANCE BERNSTEIN INVESTMENTS**